43 F.3d 712
 310 U.S.App.D.C. 61
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
James B. HOLLOWAY, aka Dante Holloway, Appellant.
 No. 92-3125.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 3, 1994.
 
 Before: WALD, HENDERSON and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellant appeals his criminal conviction, challenging the district court's order denying his motion to dismiss the indictment for violation of the Speedy Trial Act, 18 U.S.C. Sec. 3161. Appellant failed to appear for his initial arraignment and was absent in excess of twenty-one days; thus the Speedy Trial Act clock was reset and did not begin to run again, despite appellant's presence in the District of Columbia on an administrative "bed swap," until appellant was brought before the district court on July 10, 1992 for arraignment and execution of the bench warrant issued for his failure to appear at the initial arraignment. See 18 U.S.C. Sec. 3161(k)(1). The parties agree that 18 U.S.C. Sec. 3161(k)(1) governs the disposition of this appeal and its command is unambiguous--the defendant is deemed to have first appeared, for Speedy Trial Act purposes, before the charging court "on the date of the defendant's subsequent appearance before the court." See Sec. 3161(k)(1). There being no violation of the Speedy Trial Act, appellant's conviction is affirmed.